[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PLAINTIFF'S MOTION TO STRIKE
The plaintiffs, Karen and Edwin Ingraham, filed this action on December 28, 1999 against the defendant, American Economy Insurance Company (American Economy), in order to recover underinsured motorist benefits pursuant to General Statutes § 38a-336.[1]
In their complaint, the plaintiffs allege that on December 20, 1994, an automobile owned by Donna Sorenson and operated by Jennifer Burdo, collided with Karen Ingraham's vehicle causing her and her son, Shawn, to suffer injuries. The plaintiffs further allege that following the collision, Shawn Ingraham suffered additional injuries at Yale-New Haven Hospital where he was placed on a gurney that was stained with another person's blood, thereby exposing him to blood-borne diseases. It is also alleged by the plaintiffs that Edwin Ingraham suffered injuries due to loss of consortium. The plaintiffs allege that as a result of the collision, they exhausted the motor vehicle liability insurance policy of Burdo and Sorenson, and that the limits of the policy were inadequate to compensate them for their injuries.
On May 8, 2000, American Economy filed an apportionment complaint pursuant to General Statutes § 52-102b against the apportionment defendant, Yale-New Haven Hospital, seeking damages for the hospital's proportional share of liability. On June 6, 2000, the plaintiffs filed a motion to strike American Economy's apportionment complaint on the ground that it is legally insufficient because apportionment is not appropriate in uninsured and underinsured motorist actions. On July 7, 2000, American CT Page 3933 Economy filed a memorandum in opposition to the plaintiff's motion to strike. On January 22, 2001, the plaintiff's filed a reply memorandum to American Economy's opposition memorandum.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
In their motion to strike, the plaintiff's argue that apportionment is not proper in uninsured and underinsured motorist claims because actions to recover uninsured or underinsured motorist benefits are actions in contract rather than negligence. Generally, "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." General Statutes § 52-102b (a); Eskin v. Castiglia,253 Conn. 516, 523, 753 A.2d 927 (2000). "[A] civil action to which section 52-572h applies, within the meaning of § 52-102b, means a civil action based on negligence." Allard v. Liberty Oil Equipment Co.,253 Conn. 787, 793-95, 756 A.2d 237 (2000).
In Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 698 A.2d 859
(1997), the court held that "[a]n action to recover under an automobile insurance policy is not an action in tort but, rather, an action in contract." Id., 384. The court further held that "[t]he obligation of [an] insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a contractual obligation arising under the policy of insurance." (Internal quotation marks omitted.) Id; Harlach v. Metropolitan Property Liability Ins. Co., 221 Conn. 185, 190, 602 A.2d 1007 (1992) ("[t]he contractual nature of insurance and the commercial relationship between insurer and insured are not altered by any peculiarities of uninsured CT Page 3934 motorist coverage").
In Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 699 A.2d 964
(1997), however, the Supreme Court labeled underinsured motorist benefits as "sui generis" and noted that "[t]hey are contractual, but they depend on principles of tort liability and damages." Id., 24. Despite this reclassification, the court nevertheless reaffirmed its holding in Doddv. Middlesex Mutual Assurance Co., supra, and held that "generally speaking, an action by an insured against an underinsured motorist carrier is in form an action in contract." (Internal quotation marks omitted.)Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 24.
Our appellate courts have yet to address the issue of whether an insurance carrier may seek to apportion other tortfeasors in uninsured and underinsured motorist claims. The Superior Court, however, has held that because § 52-102b "provides the right to bring in apportionment defendants in negligence actions . . . [and because] [a]n action to recover uninsured motorists benefits is an action in contract rather than negligence . . . apportionment is not available to a defendant in an uninsured motorist action." (Citations omitted.) Hirth v. Hartford Ins.Co., Superior Court, judicial district of Hartford, Docket No. 584227 (September 17, 1999, Booth, J.); see Ferellec v. Government EmployeesIns. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 424611 (March 9, 2000, Thompson, J.); Wasserman v. HartfordCasualty Ins. Co., Superior Court, judicial district of Hartford, bocket No. 574953 (October 14, 1998, Fineberg, J.) (23 Conn.L.Rptr. 290);Henry v. Allstate Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 134412 (January 7, 1998, Shortall, J.) (21 Conn.L.Rptr. 113); Kramer v. Travelers Indemnity Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 567172 (September 25, 1997, Wagner, J.) (20 Conn.L.Rptr. 416).
While it may be possible to join Yale-New Haven Hospital in this action under an alternative theory of law, Yale-New Haven Hospital is not subject to apportionment by American Economy because § 52-102b
applies only to negligence actions and not to uninsured or underinsured motorist claims. Therefore, the plaintiffs' motion to strike American Economy's apportionment complaint is hereby granted.
By the Court,
Joseph W. Dohcrty, Judge